IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHN HUSSEL MATHIS, III                                                                    PLAINTIFF

                    v.                         Civil No. 4:16-cv-04105

NURSE S. KING, Southern Health
Partners; LIEUTENANT GOLDEN
ADAMS; WARDEN M. MOORE;
GRIEVANCE OFFICER A. LANDRETH;
and SHERIFF RON STOVALL, Miller
County, Arkansas                                                                           DEFENDANTS

## ORDER

Before the Court is Plaintiff John Hussel Mathis, III's failure to obey an order of the Court.

On November 2, 2016, Plaintiff filed this 42 U.S.C. § 1983 action *pro se*.   ECF No. 1.

On July 14, 2017, Defendant Steven King filed a Motion for Summary Judgment.   ECF

No. 14.   On July 20, 2017, an Order was entered directing Plaintiff to file a Response to

Defendant's motion on or before August 21, 2017.   ECF No. 17.   On July 31, 2017, Defendants

Adams, Landreth, Moore and Stovall filed a Motion for Summary Judgment.   ECF No. 18.   On

August 9, 2017, an Order was entered directing Plaintiff to file a Response to these Defendants'

motion on or before August 23, 2017.   ECF No. 21.   Plaintiff was advised in the orders that failure

to respond within the required period of time may result in the dismissal of his case.

On August 18, 2017, Plaintiff filed a Motion for Extension of Time to respond to the

motions for summary judgment.   ECF No. 24.   On August 23, 2017, the Court granted Plaintiff's

motion giving him an extension until September 8, 2017, to file a response to Defendants' motions.

ECF No. 26.   Plaintiff was again advised that failure to respond within the required time period

may result in the dismissal of his case.   To date Plaintiff has not responded to the Court's order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with an order of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 26th day of September, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge